# Ott *v.* Leventry, Appellant.

*Negligence — Automobiles — Case for jury — Collision between automobile and motorcycle.*

In an action to recover damages for personal injuries and injuries to a motorcycle resulting from a collision between the motorcycle and defendant's automobile, which occurred in full daylight at the intersection of two city streets, a judgment for the plaintiff will be sustained where the jury find specially from sufficient evidence (a), that the plaintiff had his motorcycle under control at the time of the collision;  (b) that there was not room for the motorcycle to pass the automobile either to the right or left, at the time the collision occurred;  (c), that the accident would have been avoided by the defendant looking up the street immediately before the collision occurred.

Argued April 16, 1917.    Appeal, No. 157, April T., 1917, by defendant, from judgment of C. P. Cambria Co., March T., 1914, No. 151, on verdict for plaintiff in case of Fred Ott v. Louis Leventry.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Trespass to recover damages for personal injuries and for injuries to a motorcycle.    Before O'CONNOR, P. J.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $700.    Defendant appealed.

*Error assigned,* amongst others, was in not entering judgment for defendant n. o. v.

342, (1917).]    Arguments—Opinion of the Court.

*J. Earl Ogle, Jr.,* with him *Dan L. Parsons,* for appellant, cited: Rowland v. Wanamaker, 193 Pa. 598.

*Frank P. Barnhart,* for appellee.—The case was for the jury: Fricker v. Philadelphia Rapid Transit Co., 63 Pa. Superior Ct. 381; Hazzard v. Carstairs, 244 Pa. 122; Foote v. American Product Co., 195 Pa. 190.

OPINION BY ORLADY, P. J., July 13, 1917:

This action is the result of a collision between a motor cyclist and an automobile driver, at the intersection of two city streets, on a Sunday afternoon. A number of vehicles were passing in opposite directions at that time, and the collision occurred as the automobile driver turned into a street at right angles to the one on which he was driving. The plaintiff admitted seeing the approaching automobile, but claimed that he was unable to turn out in time to avoid the collision on account of the speed at which he was then going. The conduct of the plaintiff and of the defendant was fully explained by their respective witnesses, and each contended the other one was wholly responsible for the accident. The disputed facts were fairly submitted to the jury in an adequate charge. A special verdict was returned, as suggested by the court, in which the jury found, (a), that the plaintiff had his motorcycle under control at the time of the collision; (b), that there was not room for the motorcycle to pass the automobile either to the right or left, at the time the collision occurred; (c), that the accident would have been avoided by the defendant looking up the street immediately before the collision occurred. A verdict was returned in favor of the plaintiff for $700.

No good purpose would be served in analyzing the contradictory testimony, as it was necessarily for the jury. There can be no reasonable excuse for a collision of vehicles of this character on a public street in broad daylight, if the law of the road is observed by the parties.

The evidence clearly established the fact that the defendant ignored his plain duty in this regard. The assignments of error present no new question, and the author of the collision was to be ascertained by the jury under the disputed testimony, the court saying, "You must determine who was at fault, and who alone was at fault. If it was the defendant alone, he is liable. If not, he is not liable. If they were both at fault, the plaintiff and defendant, the defendant is not liable."

The judgment is affirmed.